# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| XAVIER KANOU, RANDY HAUCK, JONATHAN LIEURANCE and JARED DANDURAND, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>UTILITY METERING SOLUTIONS, LLC<br><br>Defendant. | Case No. 23-cv-<br><br>Hon.<br><br>Magistrate Judge |

| | |
|---|---|
| DAVID M. BLANCHARD (P67190)<br>BLANCHARD & WALKER PLLC<br>Attorneys for Plaintiffs<br>221 N. Main Street, Suite 300<br>Ann Arbor, MI 48104<br>(734) 929-4313<br>blanchard@bwlawonline.com | HAROLD LICHTEN<br>SARAH R. SCHALMAN-BERGEN<br>Texas Federal Bar ID No. 2330780<br>LICHTEN & LISS-RIORDAN PC<br>Attorneys for Plaintiffs<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Main: (617) 994-5800<br>hlichten@llrlaw.com<br>ssb@llrlaw.com |

## COMPLAINT AND JURY DEMAND

Plaintiffs XAVIER KANOU, RANDY HAUCK, JONATHAN LIEURANCE and JARED DANDURAND ("Plaintiffs"), through their undersigned counsel, individually and on behalf of all others similarly situated, files this civil lawsuit

against Defendant UTILITY METERING SOLUTIONS, LLC ("Defendant" or "UMS") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). For themselves and on behalf of all other similarly situated workers for whom defendant failed to include non-discretionary bonus/incentive pay when calculating the overtime rate.

## NATURE OF THE CASE

1. Plaintiffs have initiated the instant action to redress violations of the FLSA caused by Defendant Utility Metering Solutions, LLC's failure to pay proper overtime wages to Plaintiffs and other similarly situated employees.

2. Defendant contracts with municipalities around the country to undertake large scale replacement of utility meters in residential and commercial settings. Plaintiffs' pay is generally comprised of two elements: (1) an hourly rate and (2) incentive pay based on the number and type of meters installed in the week, this is referred to as "Incentive PBI$" on relevant pay records.

3. Defendant violates the FLSA by intentionally excluding Plaintiffs' incentive pay from its overtime pay calculation. Furthermore, Defendants intentionally reduced Plaintiff and collective member's reported overtime hours by .5 hours each day, without regard to whether the Plaintiffs and collective members actually took a break.

4. Under the FLSA, an employer is required to pay overtime at one-and-a-half times the employees regular hourly compensation. Such calculation is required to include all non-discretionary compensation, regardless of whether it is paid as an hourly rate, a piece, or other incentive pay. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id.*

5. Determining the regular rate starts from the premise that all payments made to hourly employees are included in the base calculation unless specifically excluded by statute. Defendant carries the burden to establish that any payment should be excluded. Acton v. City of Columbia, Mo., 436 F.3d 969, 976 (8th Cir. 2006) (citing Madison v. Resources for Human Dev. Inc., 233 F.3d 187 (3rd Cir. 2000)).

6. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 425 (1945). 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including nondiscretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous,

or dirty work."). Similarly, employees paid on a piece rate basis are required to be paid at one-and-a-half times the piece rate for all piece work performed in overtime hours. 29 C.F.R. 778.418

7. Defendant's incentive pay based on the number of installation jobs performed. remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8). However, Defendant failed to incorporate its incentive pay into its hourly employees' regular hourly rate calculation.

8. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

9. Plaintiff and those similarly situated have regularly worked in excess of 40 hours a week and have been paid some overtime for those hours but at a rate that does not include an overtime rate based on all compensation, as required by the FLSA.

10. Defendant's policy is applied uniformly across installers and across job sites, as demonstrated across various job sites worked by multiple Plaintiffs over multiple years.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business and maintains its headquarters in this district. Defendant's registered agent address is 8812 Frey Road, Houston, TX, 77034, USA.

## PARTIES

12. Plaintiff Xavier Kanou is an adult resident of Warren, Michigan. Mr. Kanou began his employment with Defendant as a meter installer technician beginning on or around August 10, 2020. Mr. Kanou worked at the following Michigan locations: Ann Arbor, Ferndale, Novi, and Sterling Heights. He also worked out of Akron, Ohio.

13. Plaintiff Jared Dandurand is an adult resident of Eastpointe, Michigan. Mr. Dandurand began his employment with Defendant as a meter installer technician beginning on or around July 1, 2020.

14. Plaintiff Jonathan Lieurance is an adult resident of Lima, Ohio. Mr. Lieurance began his employment Defendant as a meter installer technician beginning on or around March 2020. Mr. Lieruance worked at the following Michigan locations: Ann Arbor, Ferndale, and Novi.

15. Plaintiff Randy Hauck is an adult resident of Warren, Michigan. Mr. Hauck began his employment Defendant as a meter installer technician beginning on or around February 2020. Mr. Hauck worked at the following Michigan locations: Ann Arbor, Ferndale, Fort Gratiot, Novi, and Sterling Heights.

16. Pursuant to 29 U.S.C. § 216(b), Plaintiffs have consented in writing to participate in this action. *See* Exhibit A.

17. Each Plaintiff is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

18. While working for Defendant UMS, Plaintiffs individually engaged in commerce or in the production of goods for commerce.

19. Defendant UMS is a Texas for-profit corporation that conducts business and has substantial contacts in the Southern District in Texas and lists its registered agent address in Houston, Texas.

20. At all times material, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA, 29 U.S.C. 203(s)(1).

21. Defendant is the "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203.

22. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce; had gross operating revenues in excess of $500,000.00; and employed two or more persons in interstate commerce.

## COLLECTIVE DEFINITION

23. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following collective of potential FLSA opt-in litigants:

> All individuals who worked as meter installers for Defendant who were paid an overtime rate of pay that was calculated without regard for the additional incentive pay earned in the week.

24. Plaintiffs reserve the right to redefine the Collective prior to notice and certification, and thereafter, as necessary.

## GENERAL ALLEGATIONS

25. Plaintiffs had the primary job duty of installing utility meters and AMI upgrades.

26. Plaintiffs and the Collective are not regularly engaged in the management and general business administration of Defendant's operations.

27. Plaintiffs' and the Collective's actual primary job duties do not include the exercise of discretion and independent judgment with respect to matters of significance.

28. Plaintiffs and the Collective regularly work more than 40 hours per workweek without being paid their proper overtime compensation, in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

29. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

30. Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

31. Plaintiffs and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendant's common business and compensation practices as described herein, and, as a result of such practices, have not been paid the legally mandated overtime compensation for hours worked over forty (40) during the workweek.

32. Resolution of this action requires inquiry into common facts, including Defendant's compensation and payroll practices.

33. Whether employees are paid on a fixed hourly or piece-rate basis, they are entitled to an overtime half-time premium of their regular rate for all hours worked over forty (40) in a workweek, calculated by totaling all sums received in the workweek and dividing by the total hours actually worked. 29 C.F.R. § 778.111.

34. The similarly situated employees are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

35. Defendant employs many FLSA Collective Members and place them throughout the United States. These similarly situated employees may be readily notified of this action through electronic mail, text messages, U.S. Mail, and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## **COUNT I**
**Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
*Failure to Pay Required Overtime Rates*

36. All previous paragraphs are incorporated as though fully set forth herein.

37. At all relevant times, Defendant has been an "employer" of Plaintiffs and the FLSA Collective. 29 U.S.C. § 203(d).

38. At all relevant times, Plaintiffs and the FLSA Collective have been "employees" of Defendant. 29 U.S.C. § 203(e).

39. Plaintiffs and the FLSA Collective are victims of Defendant's common policy of failing to pay overtime compensation to their fixed hourly, piece-rate employees. This policy has resulted in willful violations of Plaintiffs' and the FLSA

Collective's rights under the FLSA and 29 C.F.R. § 778.111, and has caused significant damage to Plaintiffs and the FLSA Collective.

40. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this case.

41. Plaintiffs and the FLSA Collective regularly work more than forty (40) hours per week for Defendant, but Defendant does not properly compensate them for all of their overtime hours as required by the FLSA and 29 C.F.R. § 778.111.

42. Plaintiffs and the FLSA Collective are not paid on a salary basis.

43. Plaintiffs and the FLSA Collective are not paid a guaranteed amount each week.

44. Defendant does not and has not made a good-faith effort to comply with the FLSA.

45. Defendant willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates.

46. Defendant's willful failure and refusal to pay Plaintiffs and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207 and 29 C.F.R. § 778.111.

## COUNT II
**Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to pay all overtime hours worked**

47. All previous paragraphs are incorporated as though fully set forth herein.

48. Defendant's conduct, as set forth above, Defendant uses a computerized system to automatically deduct .5 hour from each work day leading in a typical week to employees working up to 2.5 hours of uncompensated overtime.

49. Defendant is responsible under the FLSA for payment of all overtime hours worked at a rate of one-and-a-half the employees regular rate of pay.

50. As a direct and proximate result of these unlawful practices, Plaintiffs and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Xavier Kanou, Randy Houck, Jonathan Lieurance, and Jared Dandurand, seek the following relief on behalf of themselves and the members of the FLSA Collective:

    a. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under federal and state law;

d. Liquidated damages to the fullest extent permitted under federal and state law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under federal and state law;

f. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

g. All further relief as the Court deems just and equitable.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Blanchard & Walker, PLLC
*Attorneys for Plaintiffs and Potential Collective Class Members*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: (734) 929-4313
blanchard@bwlawonline.com

                                                Harold Lichten
                                                Sarah R. Schalman-Bergen
                                                Texas Federal Bar ID No. 2330780
                                                LICHTEN & LISS-RIORDAN PC
                                                *Attorneys for Plaintiffs*
                                                729 Boylston Street, Suite 2000
                                                Boston, MA 02116
                                                Main: (617) 994-5800
                                                hlichten@llrlaw.com
                                                ssb@llrlaw.com

Date: August 10, 2023